DAVIS CONSTRUCTION COMPANY ET AL. *v.* PETTY ET AL.

[No. 13,518.    Filed November 18, 1929.    Rehearing denied March 11, 1930.]

*Kane, Blain & Hollowell* and *Slaymaker, Merrell, Ward & Locke,* for appellants.

LOCKYEAR, J.—Appellant Davis Construction Company made a contract with the State Highway Commission for the construction of a pavement, on what is commonly known as "the Michigan Road," through Shelbyville, and gave a statutory construction bond, which bond was signed by appellant Southern Surety Company as surety. The Davis Construction Company then entered into a contract with the firm of Clark and Billingsley, who owned a gravel pit at Shelbyville, Indiana, under the terms of which, said Clark and Billingsley agreed to furnish gravel and deliver the same to the mixer for the construction of the road.

It appears from the evidence that: Clark and Billingsley, pursuant to said contract, were engaged in the furnishing and delivering of such sand and gravel, and were so engaged up to and on or about August 20, 1924, and that they had employed the appellees and other parties to load, haul and deliver sand and gravel to the appellant construction company on said highway as aforesaid, and that the appellees were so engaged on or about August 20, 1924; that, on or about said date, the said Clark and Billingsley were insolvent; that they were largely indebted to various and numerous persons and were unable to pay said debts; that at said time appellant construction company was claiming they were largely indebted to it, that some of their creditors were threatening to have a receiver appointed for them and take charge of and sell their business and affairs; that, on account of said financial affairs, appellees and others refused to continue in their said work for said Clark and

Billingsley; that, at the request of appellant construction company and said Clark and Billingsley, a meeting of the creditors of said Clark and Billingsley, including appellant construction company, was held at the law office of Henry and McLane in the city of Shelbyville, Indiana, on or about August 20, 1924; that appellant construction company, by its representative and agent, was present at such meeting and participated in the discussion of the affairs of said Clark and Billingsley and discussed the fulfillment of said contract between Clark and Billingsley and itself; that, at the request of appellant construction company, no proceeding for a receiver was instituted by the creditors; and, by and with the consent and suggestion of Clark and Billingsley, appellant construction company and other creditors present proceeded to appoint a creditors' committee of four persons to take charge of the affairs of said Clark and Billingsley and attempt to carry out and fulfill their said contract with said appellant; that, as a part of said agreement, and to make the carrying out of said contract possible, and to enable said appellant to complete said road construction with the least delay, the said Davis Construction Company agreed to pay all persons and laborers engaged in the furnishing and delivering of said sand and gravel upon said job as the same was required to be furnished by the terms of said contract with Clark and Billingsley; that, pursuant to said agreement, said committee took full charge of the business of said Clark and Billingsley and proceeded, in so far as possible, to carry out the terms of their said contract with said appellant; that, pursuant to said agreement, the said promise of said appellant to pay all laborers, appellees resumed their work in the hauling of sand and gravel for delivery on said highway and performed further service in hauling crushed stone for use upon said highway, which latter hauling was not a part of the contractual obligation of

Clark and Billingsley and was done at the direct instance and request of appellant construction company and the appellees were paid for said services by said appellant, through said committee, except in and for the amount herein sued on.

It further appears that, more than 60 days prior to this date, and within one year from the completion of said work, they notified the appellant surety company, in writing, of the amounts due them from the construction company on account of labor performed in connection with said work and of their intention to hold said appellants liable for the payment thereof; that, within the period of time provided by law, and within 60 days from the completion of this said labor, they filed their verified claims in duplicate with the Indiana Highway Commission, and that said commission retained from the contract price of said construction a sum sufficient to pay these appellees' claims in full; that the construction company brought a suit against the State of Indiana in the court of claims, the Marion Superior Court, for the full amount of the unpaid balance upon said contract with the State, and that such proceedings were had in said court of claims; that the appellees and others were made parties defendant, and said money so held by the State of Indiana, was paid into the hands of the clerk of said court; the said court of claims held that it had no jurisdiction to determine any controversy between appellants and appellees, and directed that part of the money so paid into its hands be held by the clerk of that court and is now held by the clerk of said court subject to the adjudication of the rights of the appellees in a court of competent jurisdiction.

This action was originally commenced by certain persons who had been employed by Clark and Billingsley as laborers at the pit or to haul gravel to the mixer. The action of each of these persons was a separate action

based upon his claim, but, to avoid multiplicity of suits, the actions were all consolidated for the purpose of trial and were tried in one hearing.

The issues were formed by the general denial of appellant Davis Construction Company to each of the separate complaints of the individual appellees.

Appellant Southern Surety Company also filed a general denial to each separate complaint of each individual appellee and a cross-complaint alleging suretyship to each complaint.

The trial was held by the court without the intervention of a jury, and the court found for the appellant against 30 of the plaintiffs, but found for 14 of the plaintiffs upon their respective complaints against the appellants, and rendered judgment accordingly.

Appellants filed a separate motion for a new trial as to each of said decisions and judgments.

Each of the separate motions of appellant Davis Construction Company for a new trial was overruled, to each of which rulings of the court, the said Davis Construction Company at the time excepted. The court sustained the separate motions for a new trial of the Southern Surety Company as to the plaintiffs, Ora Spurlin, William R. Petty, Ray Heck, Cleon Linville and Earl T. Arbuckel, and overruled each of the separate motions of said Southern Surety Company as to all other plaintiffs, to which ruling the Southern Surety Company at the time excepted; the appellants then prayed an appeal to this court, which was granted.

The error assigned is the overruling of the motion for a new trial, the grounds of said motion being that the decision of the court is not sustained by sufficient evidence and is contrary to law.

It is the contention of the appellants that whatever promises were made by it through its agents were not original promises, but were promises to answer for debts

of another and void under the Statute of Frauds; and. also, in a number of instances, the parties who furnished the labor and means of hauling the sand and gravel did not attend the creditors' meeting, and, therefore, the court was in error in holding the appellant construction company liable to those who were not at the meeting, although they furnished labor and material to the construction company after that date.

We have carefully examined appellants' brief and have examined the testimony of appellees in support of their respective judgments. We are of the opinion that, when the firm of Clark and Billingsley failed and a creditors' committee took charge, they did so for the benefit of all parties, and, from then on, the laborers, the owners of wagons, teams and trucks continued with their work of hauling gravel and sand to construct the road for the appellant construction company.

We find no reversible error in the record.

Judgment affirmed.

Neal, J., not participating.